UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LISA GILL

VERSUS

JACOBS ENGINEERING GROUP,
INCORPORATED

CIVIL ACTION

NO. 08-647-BAJ-SCR

# RULING AND ORDER OF DISMISSAL

This matter is presently before the Court on a Motion to Dismiss (doc. 6) filed by defendant, Jacobs Engineering Group, Inc. Though plaintiff, Lisa Gill, filed Memoranda in Opposition to defendant's Motion to Dismiss (docs. 11 & 12), defendant has filed a Motion to Strike plaintiff's Memoranda in Opposition (doc. 13). Jurisdiction is alleged under 28 U.S.C. § 1331. The Court, having reviewed the record, the law, and the arguments of the parties, concludes that the defendant's motions should be **GRANTED** for the following reasons.[1]

## I. Defendant's Motion to Strike

The Court first turns to defendant's Motion to Strike. Defendant contends that plaintiff failed to timely file an opposition memoranda. Specifically, defendant alleges that plaintiff failed to meet the initial deadline for filing opposition. Two weeks after

---

[1] The record demonstrates that defendant has filed a Notice of Suggestion of Death upon the Record Pursuant to Rule 25(a) (doc. 17), in which defendant has provided notice of the death of plaintiff during the pendency of this action. Though Rule 25(a) provides ninety days during which a motion for substitution may be made by the decedent's successors or representative, for the reasons stated herein, the Court finds that dismissal is proper regardless of whether a motion to substitute might subsequently be filed.

the initial deadline, plaintiff filed a Motion for Extension of Time to File Opposition (doc. 8). Though the Court granted the extension, plaintiff again failed to file an opposition prior to the deadline.[2]

Federal Rule of Civil Procedure 6(b)(2) provides a district court with discretion to order an extension even after the expiration of a specified time period resulting from excusable neglect. Absent an affirmative showing of excusable neglect, a trial court does not abuse its discretion in refusing an untimely proffer. *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir.1990); *Farina v. Mission Invest. Trust*, 615 F.2d 1068 (5th Cir.1980). Although plaintiff did offer a valid reason for initially neglecting to timely file opposition and was thereafter granted an extension, plaintiff's counsel has offered no reason whatsoever for neglecting to timely file an opposition after the extension was granted. Therefore, the Court finds no excusable neglect in plaintiff's failure to timely file an opposition to defendant's Motion to Dismiss and grants defendant's Motion to Strike.

## II. Defendant's Motion to Dismiss

### (A) Standard for Motion to Dismiss:

In considering a Rule 12(b)(6) Motion to Dismiss, the Court must accept all well pleaded facts as true and view the facts in the light most favorable to the plaintiff. See, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *American Waste &*

---

[2] Pursuant to the extension, plaintiff was given until January 19, 2009, to oppose the motion to dismiss (doc. 8). Nonetheless, plaintiff did not file any opposition until January 23, 2009 (doc. 11). Plaintiff then filed a second memorandum on January 24, 2009 (docs. 11, 12).

2

Case 3:08-cv-00647-BAJ -SCR   Document 19   08/26/11   Page 2 of 7

*Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir.1991). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Company v. City of Tehauacana*, 238 F.3d 382, 387 (5th Cir.2001). However, "conclusory allegations" and "unwarranted deductions of fact" are not sufficient to prevent dismissal. *United States ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir.2003). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995) (quoting, *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994)). Accordingly, for purposes of this Motion, all facts alleged in the Plaintiff's Complaint are accepted as true.

### (B) Insufficient Service of Process:

Defendant seeks to dismiss plaintiff's petition in its entirety for, *inter alia*, plaintiff's failure to timely request service of process upon defendant under Louisiana law. As an initial matter, the Court notes that defendant's removal of this case does not waive its objections to service of process. See, *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409, 49 S.Ct. 360, 73 L.Ed. 762 (1929) (holding that a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court); see also, *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 (5th Cir. 2005). Moreover, the law of the state must be applied to determine the validity of service in the state court prior

3

Case 3:08-cv-00647-BAJ -SCR   Document 19   08/26/11   Page 3 of 7

to removal. *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir.1972) (citing, 4 Wright & Miller, Federal Practice and Procedure § 1082 (1969)).

Pursuant to Article 1201 of the Louisiana Code of Civil Procedure, a plaintiff has ninety days from the date a lawsuit is filed to request service upon a defendant.[3] Under Article 1672 of the Louisiana Code of Civil Procedure, failure to timely request service mandates dismissal of a plaintiff's claims without prejudice "unless good cause is shown why service could not be requested."[4] On January 21, 2009, the Louisiana Supreme Court resolved a split among Louisiana Courts and held that service of process is "requested" whenever plaintiff's letter asking the clerk to effectuate service is *received* by the court clerk, not when the letter is placed in the mailbox. *Tranchant v. State*, 5 So.3d 832 (La.2009). The Louisiana Supreme Court's ruling is to be given both retrospective and prospective effect.[5]

In the present matter, plaintiff filed her petition in the Nineteenth District Court for the Parish of East Baton Rouge on June 16, 2008 (doc. 1-1, p. 7, Ex. 3).

---

[3] The article provides, in pertinent part, "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." LSA-C.C.P. 1201(C).

[4] The article provides, in pertinent part, "A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service should not be requested, in which case the court may order that service be effected within a specified time." LSA–C.C.P. 1672(C).

[5] *Succession of Clivens*, 426 So.2d 585, 587 (La.1982) ("Generally, unless a decision specifies otherwise, it is given both retrospective and prospective effect"). The Supreme Court of Louisiana did not specify in *Tranchant* that the decision should be applied only prospectively. Therefore *Tranchant* is retroactively applicable to this case.

Case 3:08-cv-00647-BAJ -SCR   Document 19   08/26/11   Page 4 of 7

Therefore, pursuant to LSA-C.C.P. art. 1201(C), the ninety day period to request service ended on September 15, 2008. The record reflects that the clerk did not receive the request for service until September 18, 2008 (doc. 6-2, p. 21, Ex. A). Accordingly, the Court concludes that the request for service was untimely. Moreover, plaintiff has advanced no reason for the untimely request.

As is noted *supra*, the state court remedy under such circumstances is dismissal without prejudice, however, when a case is removed, federal law governs, and a plaintiff may cure the defects in its state court service in accordance with federal rules of procedure. See e.g., *Freight Terminals, Inc.*, 461 F.2d at 1052. Specifically, Section 1448, Title 28, United States Code provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

The procedures for correcting defective service after removal are set forth in the Federal Rules of Civil Procedure.[6] Federal Rule of Civil Procedure 4 governs the issuance of summonses: Subsection (h) prescribes the manner service upon corporations that do not waive service under Rule 4(d), and subsection (m) provides the time limits for service. For cases originally filed in federal court, Rule 4(m)

---

[6] *See* Fed.R.Civ.P. 81(c) (stating that "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal").

5

permits service within 120 days after filing the complaint. However, in a case removed from state court, the time begins to run on the date of removal. *See*, 4B Wright & Miller, Federal Practice and Procedure § 1137, at 341 (3d ed.2000).

This matter was removed on October 10, 2008. Plaintiff, therefore, had until February 5, 2009 to serve the defendant, unless the defendant waived service. The record reflects neither a return of service on defendant nor a waiver of service by defendant. that plaintiff never served defendant and that defendant did not waive service. Moreover, plaintiff has not set forth good cause for failure to serve the defendant in this Court nor any other ground for an extension of time to serve. See *Millan v. USAA General Indem. Co*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting Fed.R.Civ.P. 4(m) and noting that a discretionary extension may be warranted if the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in attempted service).

As previously mentioned, prior to removal plaintiff failed to timely request service upon defendant pursuant to LSA–C.C.P. art. 1201(C). Plaintiff also failed to timely respond to defendant's Motion to Dismiss, then was granted an extension and failed to meet the extended deadline. After removal plaintiff failed to serve defendant within 120 days of the date of removal as required by Federal Rule of Civil Procedure 4(m). No reason has been advanced by plaintiff for the delay in failing to serve defendant after the case was removed to this Court.

Accordingly, the Court concludes that defendant has established a clear record of delay by plaintiff. Moreover, the Court finds that plaintiff has not established good cause for her failure to timely serve defendant and this matter shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

## CONCLUSION

For all of the foregoing reasons, the motion by defendant, Jacobs Engineering Group, Inc., to strike plaintiff's untimely memoranda in opposition to the motion to dismiss (doc. 13) is **GRANTED** and the motion by defendant, Jacobs Engineering Group, Inc., to dismiss (doc. 6) is **GRANTED**; and:

**IT IS ORDERED** that this matter be, and is, hereby **DISMISSED**.

Baton Rouge, Louisiana, August 25, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA